IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHELLE SKYY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-019-A |
| | § | |
| CITY OF ARLINGTON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the second motion of defendant, City of Arlington, to dismiss. The court, having considered the motion, the response of plaintiffs, Michelle Skyy ("Skyy") and Sean Valdez ("Valdez"), the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

On January 6, 2017, plaintiffs filed their original complaint, Doc.[1] 1, and on January 24, 2017, their first amended complaint for violations of civil rights, Doc. 12. Plaintiffs assert claims under 42 U.S.C. § 1983 for violation of their Fourth Amendment rights and plaintiff Skyy additionally alleges that her Eighth Amendment rights were violated. Plaintiffs seek monetary and punitive damages.

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

In brief, plaintiffs allege: On April 29, 2015, they agreed to divorce. They became involved in a scuffle when Skyy tried to take some of Valdez's money and his AR-15 rifle. Skyy called 911. She waited around the corner from their home for police. Arlington police arrested Valdez. Officers asked if they could go inside the house and both Skyy and Valdez declined to give permission. Police used Valdez's keys to enter the home and search it without a warrant or probable cause. Skyy was detained 6 or 7 hours before she was arrested. She told police that Valdez was verbally/emotionally abusive. Valdez told police Skyy had two guns, so officers asked her to retrieve them from her vehicle. They then searched the vehicle and had it towed. Skyy was arrested and notified jail personnel that she had a severe wheat gluten allergy (Celiac Sprue Disease) and endometriosis. Jailers never gave Skyy any food she could eat. She starved for two days and lost 6 pounds. She was kept in a small holding cell for over 6 hours without a restroom or water, which caused severe abdomen pains. Skyy discovered after being released from jail that police had ransacked her home.

II.

Grounds of the Motion

Defendant urges two grounds in support of its motion. First, plaintiffs cannot pursue their claims under § 1983 because they

have failed to identify any custom or policy of defendant that caused them harm. Second, defendant is immune from the claim for punitive damages.

III.

Applicable Legal Standards

A. Motion to Dismiss for Failure to State a Claim

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

3

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

B.  Municipal Liability Under § 1983

The law is clearly established that the doctrine of respondent superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Liability may be imposed against a municipality only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Connick v.

4

Thompson, 563 U.S. 51, 60 (2011). Local governments are responsible only for their own illegal acts. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus, plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Monell, 436 U.S. at 691. Specifically, there must be an affirmative link between the policy and the particular constitutional violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Proof of a single incident of unconstitutional activity is not sufficient to impose liability, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24. (If the policy itself is not unconstitutional, considerably more proof than a single incident will be necessary to establish both the requisite fault and the causal connection between the policy and the constitutional deprivation. Id. at 824.) Thus, to establish municipal liability requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992); McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989); Languirand v. Hayden, 717 F.2d 220, 227-28 (5th Cir. 1983).

C.   Punitive Damages

The law is well-settled that governmental entities are not subject to punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-60 & n. 21, 271 (1981); Tex. Civ Prac. & Rem. Code §101.024.

IV.

Analysis

A.   § 1983 Claims

As defendant notes, plaintiffs have not pleaded any facts to establish a custom or policy of defendant. Rather, the facts they plead relate only to one incident. Although they argue to the contrary, the gist of their complaint is that defendant is liable because it employed the persons about whom they complain. This is clear, because they argue, for example, that defendant's policy (its "law and rule") is that a judge must sign off on a warrant before officers enter a resident's home, but police failed to follow that procedure. Doc. 20 at unnumbered third page. Failure to follow policy does not create municipal liability absent circumstances not alleged here.

B.   Punitive Damages

The law is clear that municipalities are immune from punitive damages. City of Newport, 453 U.S. at 271. See Doc. 19 at 12, n.31 (citing cases). The cases plaintiffs cite are from

other circuits and are not authoritative in any event. Doc. 20 at unnumbered fifth page and attachment A. <u>Young v. City of Des Moines</u>, 262 N.W.2d 612 (Iowa 1978), was overruled by <u>Parks v. City of Marshalltown</u>, 440 N.W.2d 379 (Iowa 1989). <u>Chestnut v. City of Lowell</u>, 305 F.3d 18 (1st Cir. 2002), did not involve a constitutional issue, and it recognized holding of <u>City of Newport</u> and vacated the judgment for punitive damages. <u>Pulla v. Amoco Oil Co.</u>, 72 F.3d 648 (8th Cir. 1995), concerns review of punitive damages in a suit by an employee against his employer and does not involve a municipality. <u>Kemezy v. Peters</u>, 79 F.3d 33 (7th Cir. 1996), was a suit against a police officer. And, the court does not find a opinion or order dated October 15, 2014, in <u>Reeves v. Town of Cottageville</u>, No. 2:12-CV-2765-DCN (D.S.C.), but the record reflects that the matter was settled and a judgment of dismissal entered.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed.

SIGNED March 29, 2017.

_____
JOHN McBRYDE
United States District Judge